**BLUE, et al v. STATE.**
No. 75-10420.
Circuit Court, Dade County, Criminal Appeal.

April 22, 1976.

</div>

Phillip H. Hubbart, Public Defender, and Elliot H. Scherker, Assistant Public Defender, for the appellants.

Richard E. Gerstein, State Attorney, and Milton Robbins, Assistant State Attorney, for the appellee.

**ALAN R. SCHWARTZ Circuit Judge.**

This cause has come to be heard on the appeals of Edward J. Blue and Milous Clark from their convictions in the county court on charges of loitering and prowling in violation of Florida Statutes

§856.021. The only testimony adduced at trial was that of the arresting officer, who testified that he first observed the appellants in an automobile which he had stopped after the automobile had failed to come to a full stop at an intersection controlled by a stop sign. The automobile was approaching the entrance to an expressway when observed by the officer, and was on the entrance ramp when it was stopped. The appellant Clark, who was driving the automobile, identified himself to the officer and informed the officer of the name of the owner of the automobile. The appellant Blue also identified himself to the officer. Neither appellant attempted to flee or conceal himself.

The officer observed several tools inside of the automobile, including a sledge hammer and a crowbar. He also observed several pairs of gloves, a flashlight, and telephone testing equipment. The officer testified that the area in which the appellants were apprehended contained numerous warehouses, and that there was a high burglary rate in the area.

This court finds that this evidence was insufficient to support a conviction for loitering and prowling. In *State v. Ecker,* 311 So.2d 104 (Fla. 1975), the Supreme Court of Florida upheld §856.021 as constitutional, and provided certain specific guidelines for the application of the statute. Specifically, the court held that there are two basic elements of the crime of loitering and prowling — (1) loitering or prowling in a place at a time or in a manner not usual for law-abiding individuals; and (2) loitering and prowling under such circumstances as constitute a threat to the public safety. Significantly, especially under the facts of the case at bar, the Supreme Court specifically held that in order to support a conviction for loitering and prowling, the evidence must warrant a finding that a breach of the peace is imminent or that the public safety is threatened. At a trial on charges of loitering and prowling, the arresting officer must establish that there was justifiable alarm that a breach of the peace was imminent or that the public safety was threatened.

In the case at bar, no such justifiable alarm was established at trial. The appellants were not acting in a stealthy or dilatory manner; they were observed driving onto an expressway and were not cruising the warehouse area in an aimless manner. They were, in fact, leaving the warehouse area at the time of the arrest. While the items observed inside of the automobile might suggest that a crime or an attempted crime had possibly occurred, they did not provide the officer with reasonable grounds to believe that a threat to the public safety was imminent.

While justifiable alarm may be presumptively established by flight, concealment, or refusal of the individuals involved to identify themselves, there are no such circumstances in the case at bar. Further, the facts adduced at trial simply do not support the proposition that threats to the public safety existed or that a breach of the peace was imminent. Consequently, the state failed to establish a *prima facie* case of loitering and prowling under *State v. Ecker,* supra, and the convictions cannot be sustained.

The record on appeal and the briefs of the parties having been considered and examined, and the court having heard the argument of counsel, it is ordered that the judgments entered in the cases at bar are reversed, the sentences are vacated, and the appellants are discharged.